```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


IN RE:
    MARY SOMRAK,
                 Debtor,     Bankruptcy Case No. 14-49278-7


    MARY J. TEBBETTS,
                 Appellant,

         vs.                              Case No. 15-4889-SAC

    FOUR SEASONS MH COMMUNITY, LLC,
                 Appellee.
```

**MEMORANDUM AND ORDER**

Appellant Mary J. Tebbetts appeals a bankruptcy court order finding her in contempt and assessing attorney's fees for failing to comply with a subpoena compelling her to appear and produce documents for examinations under FED.R.BANKR.P. 2004.

The court has jurisdiction to consider this appeal under 28 U.S.C. § 158 and shall affirm the bankruptcy court's order.

Factual background

Appellee Four Seasons MH Community, LLC ("Four Seasons") issued a notice for Tebbetts to appear on July 31, 2014 for a Rule 2004 examination and simultaneously issued a subpoena duces tecum directing Tebbetts to appear and produce documents at the examination. Tebbetts did not appear, although she was properly served. A subsequent Rule 2004 examination was scheduled for Tebbetts to appear on October 28, 2014. Tebbetts again was

1

served with a subpoena. This time Tebbetts appeared at the examination, but failed or refused to produce most of the requested documents. Tebbetts is not the debtor in this bankruptcy proceeding. At the time of the subpoenas and the dates of the Rule 2004 examinations, she was not a party to an adversary proceeding.

On February 2, 2015, counsel for Four Seasons filed a motion for an order directing Tebbetts to show cause why she should not be held in contempt for failing to attend the first examination and failing to produce documents for the subsequent examination. The bankruptcy court issued an order directing Tebbetts to appear before the court on April 1, 2015. The hearing was then continued to April 8, 2015. The bankruptcy court found that there was no justification or excuse for Tebbetts to refuse to attend the first examination or refuse to produce documents for the subsequent examination. The court orally directed Tebbetts to produce the subpoenaed documents on or before April 29, 2015. The court further directed Tebbetts to appear at a Rule 2004 examination not later than May 11, 2015. Tebbetts was assessed attorney's fees incurred by Four Seasons in connection with the first and second Rule 2004 examinations. Tebbetts was also found in indirect contempt of court, which she could purge by complying with the terms of the court's order.

Tebbetts did not comply with the bankruptcy court's orders and, therefore, she was directed to appear in person before the bankruptcy court on June 8, 2015 to show cause why she should not be detained in response to her failure to purge herself of contempt of the court's orders.  After conducting a hearing, the court decided not to detain Tebbetts but the attorney's fees order was not modified or withdrawn.

Legal arguments

Tebbetts argues that Four Seasons waived its right to object to Tebbetts' refusal to comply with the Rule 2004 examination subpoenas because Four Seasons waited more than 30 days after Tebbetts' default to file a motion for an order to show cause why Tebbetts should not be found in contempt. Tebbetts relies upon the language of D. Kan. Rule 37.1(b) which states that:

> Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  Otherwise, the objection to the default, response, answer or objection is waived.

Four Seasons contends that the provisions of D. Kan. Rule 37.1(b) do not apply to Rule 2004 examinations and that, if they did, the bankruptcy court did not abuse its discretion in

3

holding that the court would extend the time for filing the motion to compel discovery.

Holding

Courts have determined that Rule 2004 examination proceedings involving nonparties are controlled under FED.R.CIV.P. 45, as incorporated under FED.R.BANKR.P. 9016, and that FED.R.CIV.P. 37 does not apply. Stipp v. CML-NV One, LLC (In re Plise), 506 B.R. 870, 877-78 (B.A.P. 9th Cir. 2014); Nichole Energy Marketing, Inc. v. McClatchey (In re Nicole Energy Servs., Inc.), 2007 WL 328608 at *2 n.1 (B.A.P. 6th Cir. 2/1/2007).  This court shall follow the reasoning of those courts and the cases cited by those courts.[1]  Rule 45 allows a court to "hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it."  FED.R.CIV.P. 45(g).  Tebbetts contends that under D. Kan. Rule 37.1(b) Four Seasons waived its right to bring its motion for an order to show cause why Tebbetts should not be found in contempt because the motion was not filed within 30 days of Tebbetts' alleged default.[2]  The question becomes whether D. Kan. 37.1(b) applies to motions brought under Rule 45(g).

---

[1] The cases cited by Tebbetts do not involve Rule 2004 examinations in bankruptcy proceedings.  Instead, they involve Rule 37 motions to compel between parties in non-bankruptcy civil litigation.

[2] The Local Rules of the District of Kansas apply to the Bankruptcy Court of the District of Kansas, unless a more specific Federal Bankruptcy Rule or Local Bankruptcy Rule has application.  D. Kan. LBR 1001.1(a).

4

Motions to quash or modify a subpoena under Rule 45 are mentioned in D. Kan. Rule 37.2 and D. Kan. Rule 37.1(a). Such motions were made under Rule 45(c) when D. Kan. Rule 37.1 and Rule 37.2 were last amended and Rule 37.1(a) refers to motions under Rule 45(c). The provisions pertaining to motions to quash or modify a subpoena, however, are currently contained in subsection (d) of Rule 45.[3] A motion for an order to show cause why a person should not be found in contempt for failing to comply with a subpoena issued for a Rule 2004 examination is not a motion to quash or modify a subpoena. It is not covered by the language of D. Kan. Rule 37.1(b). Therefore, the bankruptcy court did not commit an error by granting the motion for an order to show cause and later finding Tebbetts in contempt and assessing fees, even though the motion was not filed within 30 days of Tebbetts' failure to appear for her July 31, 2014 Rule 2004 examination and Tebbetts' failure to produce documents for her October 28, 2014 Rule 2004 examination.

Because the time limit in D. Kan. Rule 37.1(b) does not apply to the contempt proceedings referenced in this opinion, the court does not have to decide the question of whether the bankruptcy court could have properly extended the time under the rule to bring a "motion to compel discovery" given the circumstances of this case.

---

[3] It appears that D. Kan. Local Rules 37.1 and 37.2 need updating.

The bankruptcy court's order finding Tebbetts in contempt and ordering attorney's fees is AFFIRMED.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2015, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge